IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM ANN CHENEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 18-712 |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## **MEMORANDUM OPINION**

On August 30, 2016, this court issued an opinion and order remanding this case. (Civ. Action No. 15-712). On remand, the ALJ issued a decision denying Plaintiff's application on November 21, 2017. (ECF No. 4-1, pp. 9-21). On January 22, 2018, Plaintiff filed a request for review of the ALJ's decision with the Appeals Council. (ECF No. 4-1, pp. 22-23). On March 19, 2018, the Appeals Council sent Plaintiff's counsel a letter indicating that the request for review appeared to be untimely and that he had 20 days to file evidence showing that the exceptions were filed within 30 days of the date of the ALJ's decision dated November 21, 2017. (ECF No. 4-1, pp. 45-46). On May 4, 2018, the Appeals Council sent Plaintiff's counsel a letter stating that it had not received any proof that the exceptions were filed on time. (ECF No. 4-1, pp. 47-48). Therefore, the Appeals Council found: "you did not send us exceptions or ask for more time to do so within 30 days of the date you received the Administrative Law Judge's decision." *Id.* at 47. As a result, the Appeals Council advised Plaintiff's counsel that the opinion of the ALJ is the final decision. *Id.* On May 29, 2018, Plaintiff brought this action for review of the final decision of the ALJ. (ECF No. 1).

Pending before the court is Defendant's Motion to Dismiss Plaintiff's Complaint as

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

untimely. (ECF No. 3). On remand, a decision of the ALJ becomes final on the 61st day after the date of the decision if no exceptions are filed and the Appeals Council does not assume jurisdiction of the case. 20 C.F.R. §416.1484(d); §404.984(d); *Waldor v. Colvin*, No. CV 16-306, 2017 WL 3075118, at *1 (W.D. Pa. July 19, 2017). Exceptions must be filed within 30 days of the date a plaintiff receives the decision from the ALJ.[2] 20 C.F.R. §416.1484(b); §404.984(b). Section 405(g) of the Act explains the time frame for filing a civil action as follows:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. §405(g).

In this case, the decision of the ALJ on remand was issued on November 21, 2017. Since Defendant's exceptions were untimely filed with the Appeals Council (by 31 days) and an extension of time was never requested (timely or otherwise), the Appeals Council never assumed jurisdiction. *See,* ECF No. 4-1, pp. 45-48. Thus, the ALJ's opinion in this case became final on January 21, 2018 (61st day after the date of the ALJ's opinion). Therefore, Plaintiff had 60 days from the date the ALJ's decision became final, until March 22, 2018, to commence a civil action in this court. 42 U.S.C. §405(g). The case in this court was commenced on May 29, 2018. (ECF No. 1). As a result, there is no question that the Complaint is untimely.

In opposition, Plaintiff asserts that the ALJ's decision became final on the date the Appeals Council ruled the exceptions were not timely filed. (ECF No. 7, pp. 1-2). This assertion is unconvincing. Under Plaintiff's scenario, a plaintiff could file untimely exceptions 5 years late, the Appeals Council rules them untimely and the ALJ's opinion is not final until that date. That makes absolutely no sense, contravenes basic principles of due process and is not

---

[2] An extension of time filed within the 30 day time limit is also acceptable. 20 C.F.R. §416.1484(b); §404.984(b).

based on the statutes set forth above.

While Defendant's counsel regrettably believes that the administrative appeal process is "universally a waste of time," at least he acknowledges that it is procedure that must be followed. (ECF No. 7, pp. 1-2). The procedural process is in place for a reason, is set forth clearly in the statues and must be followed.

A statute of limitations period may be equitably tolled, however, "'(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Kramer v. Comm'r of Soc. Sec.,* 461 F. App'x 167, 168–70 (3d Cir. 2012), *quoting, Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir.1994). None of these circumstances appear to exist in the record. In Response to the Motion to Dismiss, Plaintiff's counsel acknowledges that he missed the 30 day appeal period to the Appeals Council and that he "may have made a mistake."[3] (ECF No. 7, p. 2). This, however, is not a valid explanation for why the statute of limitations in this case should be tolled. As such, I find that the doctrine of equitable tolling does not apply. Consequently, I find that Plaintiff's Complaint is untimely and dismissal of the case is warranted.

An appropriate order shall follow.

---

[3] I note that Plaintiff's counsel did not just make one mistake. To be clear, Plaintiff's counsel missed the deadline for filing exceptions with the Appeals Council, he did not respond to a letter from the Appeals Council giving him 20 days to indicate that the exceptions were timely filed, and he untimely filed a civil action in this court.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM ANN CHENEY, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>NANCY A. BERRYHILL,[4] )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 18-712 |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 19th day of November, 2018, it is ordered that Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 3) is granted and Plaintiff's Complaint is hereby dismissed with prejudice. The case shall be marked closed.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.